IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN CHARLES COLGAN | : | |
| | : | |
| v | : | CIVIL ACTION NO. 09-0938 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY | : | |

**O R D E R**

**AND NOW**, this  6th  day of  March , 2012, upon consideration of Plaintiff Kevin Charles Colgan's Request for Review of the Administrative Law Judge's Decision (ECF No. 1), and careful and independent review of the full record including the comprehensive Report and Recommendation of Magistrate Judge Jacob P. Hart (ECF No. 11), and after consideration of Plaintiff's Objections to the Report and Recommendation (ECF No. 12), it is **ORDERED** as follows:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**.[1]

---

[1] Plaintiff brought this action to challenge a decision by Defendant Michael J. Astrue, Commissioner of the Social Security Administration (SSA), denying Defendant's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. An Administrative Law Judge (ALJ) denied Plaintiff's DIB request, and the SSA's Appeals Council subsequently denied review. Plaintiff then timely filed this request for judicial review. (ECF No. 1.) Plaintiff submitted a brief in support of his request for review. (Pl.'s Br., ECF No. 6.) We subsequently referred this matter to United States Magistrate Judge Jacob P. Hart. (ECF No. 9.) Judge Hart prepared a Report and Recommendation ("R&R"), which recommended that Plaintiff's "motion be denied and judgment entered in favor of the Commissioner." (R&R 1, ECF No. 11.) Plaintiff filed Objections to the R&R. (Objections, ECF No. 12.)

When a party makes a timely and specific objection to a portion of a report and recommendation by a United States Magistrate Judge, the district court is obliged to engage in de novo review of the issues raised on objection. 28 U.S.C. § 636(b)(1). In so doing, the court may "accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1). The court may also, in the exercise of sound judicial

      2.      The Report and Recommendation is **APPROVED** and **ADOPTED**.

---

discretion, rely on the Magistrate Judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

      Review of an ALJ's findings of fact is limited to determining whether or not substantial evidence exists in the record to support the Commissioner's decision. *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). "This Court is bound by the ALJ's findings of fact if they are supported by substantial evidence on the record." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence 'does not mean a large or considerable amount of evidence but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

      Plaintiff's sole objection to the R&R is that in making his decision, the ALJ relied in part on the testimony of a vocational expert ("VE") to determine whether Plaintiff could maintain gainful employment in spite of his mental health disability. (Objections 2.) The VE had testified that Plaintiff could perform certain jobs, notwithstanding "marked limitations," and was thus ineligible to receive DIB payments. Plaintiff claims that after the ALJ described Plaintiff's ability as "[s]everely limited but not precluded" from working, the ALJ never asked the VE to clarify her understanding of the term "severely limited." (*Id*.)

      Defendant claims that Plaintiff's argument is not, in fact, an objection to the R&R; instead, it is a freestanding claim. (Def.'s Resp. 1, ECF No. 13.) Defendant also argues that Plaintiff did not raise this claim in his original request for review. (*Id*. at 2.)

      We agree with Defendant. Plaintiff does not point to any part of the R&R where Judge Hart erred. Plaintiff's Objections merely state his view that the ALJ improperly relied on the VE's testimony. (Objections 1.) "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and *specifi*c objections to the report." *Goney v. Clark*, 749 F.2d 5, 6 (3d Cir. 1984) (emphasis added). Plaintiff does not point to any error in the Magistrate Judge's recommendation that the ALJ's decision was supported by "substantial evidence."

      In addition, Plaintiff's claim that the ALJ erred in not asking the VE to define "severely limited" – a phrase that we note was used by the ALJ, not the VE – is not subject to our consideration here because Plaintiff failed to raise it in his original briefing. *See Warren G. v. Cumberland Cty. Sch. Dist.*, 190 F.3d 80, 84 (3d Cir. 1999) ("An issue is waived unless a party raises it in its opening brief"); *Wilson v. Astrue*, No. 10-4517, 2011 U.S. Dist. LEXIS 55440, at *13 (E.D. Pa. May 24, 2011) ("Issues raised for the first time in objections to a magistrate's recommendations are deemed waived."). Although Plaintiff did mention the ALJ's consideration of the VE's testimony, Plaintiff in no way suggested that the VE's failure to define "severely limited" undermined the reliability of that testimony or the basis for the ALJ's decision. (*See* Pl.'s Br. 10-11.)

      Plaintiff identifies no concrete issues on which Judge Hart erred in preparing the R&R. We agree that the ALJ's decision was supported by substantial evidence. Accordingly, Plaintiff's Objections are dismissed, and we adopt the R&R.

3.  Plaintiff's Motion for Summary Judgment (ECF No. 6) is **DISMISSED**.[2]

4.  The Clerk of Court is directed to enter judgment in favor of Defendant, and mark this matter as closed.

**IT IS SO ORDERED.**

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**

---

[2] Having reviewed Plaintiff's request for review and finding it to be without merit, Plaintiff's Motion for Summary Judgment is dismissed as moot.